UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN DOUGLAS LARSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:12-cv-05726-WHO<br><br>Re: Dkt. No. 184 |
| RONALD J. MILLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | Case No. 18-3280-WHO |

**FINAL APPROVAL ORDER**

This matter, having come before the Court on the Motion filed by Brian Douglas Larson and Ronald J. Miller seeking final approval of the proposed class action Settlement[1] with Defendant Trans Union LLC; the Court having considered all papers filed and arguments made with respect to the Settlement, and having entered a Preliminary Approval Order on July 10, 2018 (ECF 180); and the Court, being fully advised in the premises, finds that:

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement (ECF 173-1).

      A.      As set forth in the Court's Preliminary Approval Order, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3).

      B.      Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Class Notice plan approved by the Preliminary Approval Order. That Class Notice plan, which provided notice by mail and website in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and the due process guarantees of the U.S. Constitution.

      C.      Notification of the Settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") was timely provided. The Court has reviewed such CAFA Notice and finds that the notice complies fully with the applicable requirements of CAFA.

      D.      The Settlement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties, including multiple private mediation sessions and mediation with a federal Magistrate Judge, and is supported by the Class Representatives.

      E.      The Settlement is fair, reasonable, and adequate to members of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

      F.      The relief provided under the Settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

      G.      The people listed on Exhibit C to the Declaration of RSM US LLP in Connection with Notice Dissemination (ECF 183) have validly excluded themselves from the Settlement Class and shall not be bound by the Settlement.

H.  It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that this Court shall retain jurisdiction over the interpretation, implementation, and performance of the Settlement and this Final Approval Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class Members.

2. The Settlement Class is certified for settlement purposes only.

3. Ronald J. Miller is appointed as an additional Class Representative in these Actions.

4. Class Representatives Larson and Miller fairly and adequately represent the interests of the Settlement Class.

5. Class Counsel adequately represent the Class Representatives and the Settlement Class.

6. Any objections have been considered and are hereby overruled.

7. The Settlement is fair, reasonable and adequate to the Settlement Class. Each Settlement Class Member shall be bound by the Settlement, including the releases contained in the Settlement Agreement.

8. The Parties are directed to consummate the Agreement in accordance with its terms.

9. Upon consideration of Class Counsel's request for an award of attorneys' fees and reimbursement of expenses, the Court has entered a separate Order awarding reasonable fees and expenses in an amount as set forth in that Order.

10. Upon consideration of the application for service awards, Class Representative Brian Douglas Larson and Ronald J. Miller are each awarded the sum of ten thousand dollars

($10,000.00) in consideration of the valuable service they have performed for and on behalf of the Settlement Class.

11. All Class Members shall be bound by all of the terms, conditions, and obligations of the Agreement, and all determinations and judgments in the Actions concerning the Settlement.

12. Judgment is hereby entered in this action, consistent with the terms of the Agreement.

13. Upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of the Class Representatives and the Settlement Class. The Court hereby permanently bars and enjoins the Class Representatives, the Settlement Class and any person or entity allegedly acting on behalf of the Settlement Class, either directly, representatively, or in any other capacity, from commencing or prosecuting any action or proceeding in any court or tribunal (including, without limitation, in any individual, class or putative class, representative or other action or proceeding) asserting any of the Released Claims against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its Judgment.

14. Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction over of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and the Settlement.

15. The Actions are hereby dismissed on the merits with prejudice.

BY THE COURT:

Dated: November 29, 2018

_____
HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE